## GEORGE A. HORMEL & CO. v. UNITED STATES.

### No. E–452.

Court of Claims.

April 7, 1930.

728

L. L. Hamby, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

730

LITTLETON, Judge.

The facts do not sustain the claim of plaintiff that so-called promissory notes given by the employee stockholders for stock constituted invested capital during the fiscal years 1917 and 1918. Under the provisions of section 207 of the Revenue Act of 1917 (40 Stat. 306), and section 326 of the Revenue Act of 1918 (40 Stat. 1092), it is necessary that the actual cash value of the notes, or evidences of indebtedness, be established. The facts do not convince us that the written promises of the employee stockholders given to plaintiff for stock had a cash value on the dates given. Plaintiff argues that the notes given by employees were bona fide paid in for stock, and should therefore be included in invested capital. This is only one of the facts necessary to be established under the statute. The notes must not only be bona fide paid in, but they must have an actual cash value, and this value has not been established.

It is further argued by plaintiff that the defendant permitted plaintiff to include in its invested capital the notes given by the officers of the corporation, designated as class A stockholders, and that, since these notes were in form the same as the notes given by the employees, designated as class B stockholders, the latter notes should also have been included in invested capital to the amount of their face value. This does not necessarily follow.

The question of the correctness of the action of the defendant in including the notes of the officers in invested capital is not before the court, and the mere fact that the defendant was satisfied that those notes were bona fide paid in and had a cash value is not proof that the class B notes given by other persons had a cash value equal to the amounts stated therein.

It is further argued that, if it is necessary that the actual cash value of these notes be shown, this is established by the fact that the earnings of the corporation from 1913 to 1917 were large, and gave the stock issued for the notes a substantial value; that under the articles of incorporation plaintiff had a lien upon the stock while the notes were outstanding, and that the makers of the notes were receiving salaries from the plaintiff. The stock issued for the notes was not held by the plaintiff as security for the notes. The only method of payment provided in the notes was through the application of dividends on the stock and the application of the proceeds from the sale thereof in the event the stockholders should desire to sell the stock. No interest was payable on the notes until after maturity, whatever the maturity date might be.

It is not the value of the stock issued that determines the amount at which the notes given in payment therefor may be included in invested capital but the actual cash value of the property received in exchange for the stock, and the earnings on the common stock for prior years do not prove the cash value of the notes given by the employees.

We do not know what salaries were paid to the employee stockholders, nor do we know what indebtednesses they had in addition to the notes given the plaintiff.

It is clear that noninterest-bearing notes are not worth their face value at the time they are executed. Kosmerl v. Commissioner of Internal Revenue (C. C. A.) 25 F. (2d) 87.

The defendant has included in invested capital such amounts as were paid for the stock by the employee stockholders from the dates of payment thereof, and we are not convinced that it should have included a greater amount. The petition must therefore be dismissed, and it is so ordered.